UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID L. TAYLOR, SR.            CIVIL ACTION NO. 16-4169

v.            JUDGE ENGELHARDT

MEGAN J. BRENNAN, POSTMASTER,            MAGISTRATE NORTH
ET AL.

## ORDER AND REASONS

Presently before the Court is a motion to dismiss (Rec. Doc. 10) filed by Defendant Megan J. Brennan ("Brennan") in her official capacity as the Postmaster General of the United States Postal Service. Having carefully considered the parties' submissions and applicable law, **IT IS ORDERED** that the motion is **GRANTED**.

### I. BACKGROUND

On May 4, 2016, David L. Taylor ("Taylor"), appearing *pro se*, filed a "Complaint for Damages" (Rec. Doc. 1) against Brennan, William J. Henderson ("Henderson"), Patsy Pigue ("Pigue"), and Linda Bailey ("Bailey"). In his complaint, Taylor alleges that he developed chronic back pain in 1996 while employed by the United States Post Office in Shreveport, Louisiana. Taylor purports that after visiting the emergency room at the Shreveport Veterans Administration Medical Center, he was given a work restriction for a light duty job assignment. Subsequently, after informing his supervisor of his work restriction, he was denied "any compliance to satisfy the doctor's order." (Rec. Doc. 1). Thereafter, the United States Postal Service terminated Taylor's employment on May 20, 1997 because of "unsatisfactory/attendance absent without leave." *Id*.

Taylor asserts that he previously filed a complaint alleging discrimination with the Merit Systems Protection Board ("MSPB"). *Id*. In addition, the Equal Employment Opportunity Commission, Office of Federal Operations, thereafter denied his request for review of the MSPB decision. *Id*. Taylor then filed the instant suit as "a civil rights action, filed in proper person pursuant to provisions of Title 42, United States Code, § 1983; and under provisions of the Americans with Disabilities Act, (public [l]aw 101-336), volume 42, United States Code, beginning of Section 1201," seeking compensatory and punitive damages. *Id*.

In response, Brennan moved for dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), 12(b)(6), noting the following grounds for dismissal: (1) as to Taylor's allegations under the Americans with Disabilities Act ("ADA") against federal officials, the United States has not waived its sovereign immunity; (2) Taylor's failure to effect proper service of process upon Defendants; and (3) Taylor's failure to state a claim for relief under 42 U.S.C. § 1983. (Rec. Doc. 10).

## II. LAW AND ANALYSIS

### a. Rule 12(b)(1)

A federal district court is a court of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). Thus, the district court "must presume that a suit lies outside [its] jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Further, a lack of subject matter jurisdiction may be raised by a party, or by the Court, *sua sponte*, at any time during the course of a proceeding. Fed.R.Civ.P. 12(h)(3); *In re Canion*, 196 F.3d 579, 585 (5th Cir.1999); *Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 403 n .2 (5th Cir.1993).

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action upon a finding by the court that it does not possess subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The court must grant a motion to dismiss for lack of subject matter jurisdiction when it does not have the requisite statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).

"Federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (internal citations omitted). To invoke federal question jurisdiction, a plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States. *See Arbough v. Y & H Corp.*, 546 U.S. 500, 501, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

With regards to Taylor's claims under the ADA, Brennan argues that the United States, specifically the federal government, is excluded from coverage under each title of the ADA. (Rec. Doc. 10-1). Therefore, Brennan argues that Taylor's claims under the ADA should be dismissed for lack of subject matter jurisdiction since the United States has not waived its sovereign immunity with regards to such claims. The Court agrees.

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). As a prerequisite to jurisdiction, the United States must consent to being sued. *Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir.2004) (citing *United States v. Navajo Nation*, 537 U.S. 488, 502, 123 S.Ct. 1079, 155 L.Ed.2d 60 (2003)). Moreover, such consent must be "unequivocally

expressed." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)).

Brennan cites various opinions and the language of the ADA, which expressly states that the United States is not included within its coverage.[1] (Rec. Doc. 10-1); *see Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("In clear statutory language, Congress established that USPS is part of the federal government . . . and that the entire federal government is excluded from the coverage of the ADA."). Therefore, given the government's sovereign immunity in this context and the jurisdictional nature of sovereign immunity, Taylor's ADA claims against Defendants are dismissed.

### b. Rule 12(b)(6)

In order to survive a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing

---

[1] Specifically, Brennan quotes *Agee v. United States*, 72 Fed. Cl. 284, 289 (2006) (internal citation omitted), in the present motion, which states:
> The United States is excluded from the definition of an employer under Title I. 42 U.S.C. §12111(5)(B)(i) (2000). Additionally, Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" does not include the Federal Government. See 42 U.S.C. § 12131 ("The term 'public entity' means-(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49*)"); see also Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government"). Finally, under Title III, the Federal Government is not a private entity operating a public accommodation or service. 42 U.S.C. § 12181.

*Twombly*, 550 U.S. at 570). Furthermore, the allegations within a complaint "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

Under Rule 12(b)(6), the Court "construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citing *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). However, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. A complaint is unsatisfactory "if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id*. (citing *Twombly*, 550 U.S. at 557). Legal conclusions must be supported by factual allegations. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 680).

Brennan argues that Taylor's claims under 42 U.S.C. § 1983 should be dismissed because Taylor has failed to demonstrate that any of the named defendants have acted "under color of state law," and no cause of action under section 1983 is cognizable against federal officers. (Rec. Doc. 10-1). Under section 1983, a claimant only has "redress for actions taken under color of state law." *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983) (citing *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)). This does not include actions taken under the color of federal law by federal actors and private parties. *Id*. (citing *Block*, 694 F.2d at 981).

Here, Taylor's claims are against United States Postal Service employees, who were or who are presently federal officials acting under the color of federal law. Taylor argues that Defendants, all employed during the time period relevant to Taylor's allegations or currently

5

employed by the United States Postal Service, discriminated against him and denied him "compliance" with his physician's restriction regarding his work duty status, thus giving rise to a section 1983 claim. (Rec. Doc. 1). However, Defendants are not subject to claims brought under 42 U.S.C. § 1983 since, as federal officers, they cannot be sued under this statutory provision. Accordingly, Taylor's claims under 42 U.S.C. § 1983 are dismissed.

### III. CONCLUSION

Considering the foregoing,[2]

**IT IS ORDERED** that Brennan's Motion to Dismiss (Rec. Doc. 10) is **GRANTED**, and the claims of plaintiff are hereby **DISMISSED**.

New Orleans, Louisiana, this 19th day of October 2016.

                                                    **KURT D. ENGELHARDT**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[2] Here, it is unnecessary to address Brennan's arguments under Rule 12(b)(5), as Taylor's claims are dismissed other grounds. While the court has the discretion to either dismiss the action or simply quash service when addressing a Rule 12(b)(5) motion, Taylor's claims must be dismissed under Rule 12(b)(1) and Rule 12(b)(6). *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985).